**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

KENNETH G. EPPS, JR.,                                  Bankruptcy No:
                                                                   16-35114-KRH

         Debtor(s),

SETERUS, INC. AS THE AUTHORIZED               Chapter 13
SUBSERVICER FOR FEDERAL NATIONAL
MORTGAGE ASSOCIATION C/O SETERUS, INC.

         Movant,

v.

KENNETH G. EPPS, JR.
JANICE ELAINE EPPS, CO-DEBTOR
SUZANNE E. WADE, TRUSTEE

         Respondents.

**CONSENT ORDER MODIFYING AUTOMATIC STAY AS TO DEBTOR
AND THE GRANT OF STAY RELIEF AS TO CO-DEBTOR**

This matter came upon the Motion of Seterus, Inc. as the Authorized Subservicer for Federal National Mortgage Association c/o Seterus, Inc. for relief from the automatic stay, with respect to the real property located at 4801 Craigs Mill Court, Glen Allen, VA 23060 and more particularly described as follows:

> ALL that certain lot, piece or parcel of land, together with all appurtenances thereto belonging, lying and being in Three Chopt District of Henrico County, Virginia, known and numbered as Lot 5, Block A, Craigs Mill Subdivision and more particularly described on a plat of survey entitled "Craigs Mill", made by Youngblood, Tyler & Associates, P.C., dated August 1, 1994, and recorded February 9, 1995, in Plat Book 101, page 12, in the Clerk's Office of the Circuit Court of Henrico County, Virginia.

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

UPON consideration of which, it is ORDERED:

1. That Debtor will resume making regular monthly installment payments in the amount of $1,370.21 pending further notice from the mortgage company, as they become due commencing in June, 2017.

2. That debtor has been made aware of settlement of the Motion for Relief from Stay, and will cure the post-petition mortgage payments owed for the months of November, 2016 through May, 2017 in the amount of $1,370.21 each, sub-totaling $9,591.47 and its attorney's fees and court costs in the sum of $1,031.00, total to cure $10,622.47. That the pre-petition claim previously filed in this case listed pre-petition arrearages of $9,756.33. The total pre-petition arrearages, post-petition arrearages and fees/costs total $20,378.80. As a result of the settlement reached in this case, Debtor is to complete the following:

   a) The Debtor(s) shall place the pre-petition, post-petition arrearages and attorney fees and costs in the amount of $20,378.80 into an Amended Chapter 13 Plan to be filed within twenty-one (21) days of entry of this Order.

   b) Movant shall file an Amended Proof of Claim to include the pre-petition and post-petition arrearages and attorney's fees/costs in the amount of $20,378.80 which shall be filed with the Court within twenty-one (21) days from entry of this Order.

3. That once the Debtor makes the regular monthly mortgage payments during the cure period as required in this Order, then all monthly payments, costs, fees and late charges shall be deemed current from the date of the filing of the bankruptcy through the date of entry of the Order.

4. That the Chapter 13 Trustee reserves the right to Object to the Amended Chapter 13 Plan.

5. In the event that any payment required by this Order is not received by the Movant within 15 days after it is due, or if the Amended Plan is not filed within twenty-one (21) days of entry of this Order, the Movant may mail a notice of default to debtor by first class mail, postage prepaid (and, if

desires, also by certified or registered mail), with a copy to Debtor's counsel and the trustee by first class mail, postage prepaid or by email at the same time the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

    a.    That the debtor is in default in making at least one payment required under this order;
    b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.    The action necessary to cure the default, including any address to which payments must be mailed;
    d.    That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i.    cure the default;
        ii.    file an objection with the Court stating that no default exists; or
        iii.    file an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;
    e.    That if the debtor or trustee does not take one of the actions set forth in paragraph 5(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the debtor; and
    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 5(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 5(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor`s counsel and the trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

    6.    That in the event Movant is granted relief from the automatic stay, Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject Deed of Trust and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further Order of the Court.

    7.    The provisions of this Order with respect to regular monthly installment payments expire one year after the date of the entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, the Movant

must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

8. Until an Order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

9. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notice of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

10. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorneys fees in the amount of $75.00 for issuance for a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

11. Relief is granted as to Janice Elaine Epps, the Co-Debtor, from the automatic stay imposed by 11 U.S.C. Section 1301(a) to the same extent and on the same terms and conditions as granted as to Debtor.

Dated: May 26 2017

/s/ Kevin R Huennekens
United States Bankruptcy Court EASTERN District of Virginia

Entered on the docket: May 30 2017

I ask for this:

  /s/ Jon M. Ahern
Jon M. Ahern
SYKES, BOURDON, AHERN & LEVY, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

Seen and Agreed:

/s/ Robert B. Duke, Jr. by Jon M. Ahern
<u>with permission of Robert B. Duke</u> , Jr.
Robert B. Duke, Jr.
8501 Mayland Drive, Suite 106
Henrico, VA 23294


Seen:

/s/ Suzanne E. Wade by Jon M. Ahern
<u>with permission of Suzanne E. Wade</u>
Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218


## **CERTIFICATION**

     The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

      /s/ Jon M. Ahern
     Jon M. Ahern


## **CERTIFICATION**

I hereby certify that pursuant to Local Rule 9022-1(c)(1) that all necessary parties have endorsed

the foregoing proposed Order.

                                                /s/ Jon M. Ahern
                                                Jon M. Ahern

PARTIES TO RECEIVE COPIES:

Kenneth G. Epps, Jr.
4801 Craigs Mill Court
Glen Allen, VA 23060

Janice Elaine Epps
4801 Craigs Mill Court
Glen Allen, VA 23060

Robert B. Duke, Jr.
8501 Mayland Drive, Suite 106
Henrico, VA 23294

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218